1  MICHAEL R. SIMMONDS  (SBN 96238)
   msimmonds@snllp.com
2  R. TRAVIS CAMPBELL (SBN 271580)
   tcampbell@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:   (415) 352-2625

6  Attorneys for Defendant
   Cavalry SPV I, LLC
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 WILLIAM GUNKEL and all others       )   CASE NO.:
   similarly situated,                 )
12                                     )
                                       )   **NOTICE OF REMOVAL**
13          Plaintiff,                 )
                                       )
14                                     )
       vs.                             )
15                                     )
                                       )
16 CAVALRY SPV I, LLC, CREDITOR        )
   IUSTUS ET REMEDIUM, LLC, aka        )
17 CIR LAW FIRM, and DOES 1-5,         )
                                       )
18                                     )
           Defendants.                 )
19 _____  )

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that defendant Cavalry SPV I, LLC ("Cavalry"),
3  hereby removes to this Court the state court action described below.

4    1.   On May 4, 2015, the original complaint was filed against Cavalry and
5  defendant Creditor Iustus Et Remedium, LLC aka CIR Law Firm ("CIR")
6  (collectively, "Defendants") by plaintiff William Gunkel ("Plaintiff"), in an action
7  pending in Superior Court of the State of California in and for the County of San
8  Mateo, entitled *Gunkel v. Cavalry SPV I, LLC, et al.*, Case No. CIV 533643.  Cavalry
9  was not served with the original complaint.  On May 26, 2015, the first amended
10 complaint ("FAC") was filed against Defendants in the above titled action.  To date,
11 Cavalry has not been served with the FAC.[1]  A copy of the FAC, original summons,
12 original complaint and all other documents that Cavalry has received from Plaintiff in
13 this action are attached hereto as **Exhibit A**.

14   2.   This removal petition is timely under 28 U.S.C. § 1446(b) because
15 Cavalry has not been served with original complaint or FAC and therefore the time to
16 remove has not yet begun.

17   3.   Defendant CIR has consented to this removal.  A copy of CIR's consent
18 to removal is attached hereto as **Exhibit B**.

19                **JURISDICTION**

20   4.   This action is a civil action of which this Court has original jurisdiction
21 under 28 U.S.C. § 1331 and that may be removed to this Court by Defendants
22 pursuant to the provisions of 28 U.S.C. § 1441(b), because the FAC alleges
23 Defendants violated federal law, namely, sections 1692e(2)(A), 1692e(10) and 1692f
24 of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").
25 Exhibit A, ¶ 33.

26
27
28   [1] Instead, Plaintiff's counsel emailed the FAC to Cavalry's counsel on May 26, 2015.  Cavalry has not agreed to accept service by email.

1      5.    Although the FAC purports to assert only state law causes of action, the FAC is founded upon, arises under and raises substantial issues of federal law (*i.e.*, the FDCPA), thereby rendering this action removable to this Court.  The Supreme Court has "recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. [Citation].  The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues (citations)."  *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005); *see also Gunn v. Minton*, 133 S.Ct. 1059, 1065 (2013).  "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 133 S.Ct. at 1065.  The FAC satisfies all of the *Gunn* elements.

    6.    The FAC was filed in the Superior Court of the State of California, County of San Mateo.  Venue in the San Francisco or Oakland divisions of this District Court is proper.  *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(b) (The Northern District comprises the counties of, inter alia, San Mateo); N.D. Civ. L.R. 3-2(d) (". . . all civil actions which arise in the counties of . . . San Mateo . . . shall be assigned to the San Francisco Division or the Oakland Division.").

    7.    Cavalry is represented by the undersigned.

1  DATED: June 10, 2015                SIMMONDS & NARITA LLP
                                        MICHAEL R. SIMMONDS
2                                       R. TRAVIS CAMPBELL

3                                  By: _____
4                                       R. Travis Campbell
                                        Attorneys for Defendant
5                                       Cavalry SPV I, LLC